IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

        Plaintiffs,

v.

CVR ENERGY, INC., et al.,

        Defendants.

Case No. 5:26-cv-04011-KHV-TJJ

### MEMORANDUM IN SUPPORT OF DEFENDANTS CVR ENERGY, INC., AND CVR PARTNERS, LP'S MOTION TO DISMISS

### INTRODUCTION

Plaintiffs bring a putative class action alleging private and public nuisance claims (Counts I and II) and a claim for medical monitoring (Count III) related to purported emissions from a fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas. Plaintiffs have named CVR Energy, Inc. ("CVR Energy") and CVR Partners, LP ("CVR Partners") along with subsidiaries Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF") and Coffeyville Resources Refining & Marketing, LLC ("CRRM"). Plaintiffs allege CRNF and CRRM own and operate the fertilizer plant and oil refinery, respectively, and manage the day-to-day operations of the facilities. Plaintiffs allege no facts concerning named Defendants CVR Energy and CVR Partners, aside from offering bare assertions about their corporate interests in CRNF and CRRM.

Plaintiffs' failure to plead any specific facts regarding CVR Energy and CVR Partners dooms their complaint against them. Plaintiffs do not allege any facts—let alone sufficient facts—to support piercing the corporate veil. Plaintiffs therefore fail to state a claim upon which relief may be granted against CVR Energy and CVR Partners under Rule 12(b)(6).

## FACTUAL BACKGROUND

Plaintiffs' allegations concern purported emissions from a nitrogen fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas.[1] Plaintiffs allege CRNF owns and operates the fertilizer plant while CRRM owns and operates the oil refinery. Doc. 1 ¶¶ 16–17. (The fertilizer plant and oil refinery are collectively referred to as the "Facilities.")

Plaintiffs—residents of Coffeyville who claim to live within several miles of the Facilities (*id.* ¶¶ 64–66)—allege exposure to emissions from the Facilities. Plaintiffs claim the emissions have caused them physical and emotional harm and interfered with the use and enjoyment of their property. *Id.* ¶¶ 78–81, 88–92. Specifically, Plaintiff William Yates reports bright flares and loud noise from the oil refinery, as well as an occasional burning sensation in his nose when he breathes. *Id.* ¶ 64. Plaintiff John Vest likewise reports property issues, including black spots on his cars and house roof, as well as a rotten odor. *Id.* ¶ 65. Plaintiff Margaret Culton alleges the purported emissions caused her car paint to peel and that she suffers from dizzy spells and headaches. *Id.* ¶ 66. In addition to these injuries, Plaintiffs also allege an increased risk of cancer and respiratory illness (*id.* ¶¶ 79, 90), but do not allege they currently suffer from any such disease or illness.

In addition to naming CRNF and CRRM, Plaintiffs have also sued CVR Energy and CVR Partners. Plaintiffs plead CVR Energy is a Texas-based holding company engaged in the renewable fuels and petroleum refining market and the nitrogen fertilizer manufacturing industry. *Id.* ¶ 14. Plaintiffs contend CVR Energy formed CVR Partners—also based in Texas—to own, operate, and grow its nitrogen fertilizer business. *Id.* ¶ 15. Plaintiffs further allege that CVR Energy and CVR Partners hold ownership interests in CRNF and CRRM. Specifically, Plaintiffs claim

---

[1] For purposes of this motion, CVR Energy and CVR Partners' recitation of Plaintiffs' pleaded allegations accepts as true all well-pleaded factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

CRNF is a wholly owned subsidiary of CVR Partners, while CRRM is an indirect wholly owned subsidiary of CVR Energy. *Id.* ¶ 16–17. Notably, although alleging that CVR Energy and CVR Partners are engaged in the fertilizer and fuel refining industries, Plaintiffs do not allege that either entity had any involvement in the management of the Facilities. Rather, Plaintiffs plainly allege CRNF and CRRM managed the day-to-day operations of the Facilities.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the factual allegations in the complaint but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allen*, 478 U.S. 265, 286 (1986). Plaintiffs "bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief." *Pipeline Prods., Inc. v. Madison Companies, LLC*, 428 F. Supp. 3d 591, 599 (D. Kan. 2019). In doing so, they must offer more than conclusory statements or threadbare recitals of a claim. *See*

3

*Twombly*, 550 U.S. at 556. "A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand." *Pipeline Prods.*, 428 F. Supp. 3d at 599.

ARGUMENT

Plaintiffs do not allege either CVR Energy or CVR Partners played any role in the direct ownership, operation, or management of the day-to-day operations at the Facilities. Plaintiffs allege only that CVR Energy and CVR Partners have a parent-subsidiary relationship with CRNF and CRRM; Plaintiffs ostensibly seek to impose liability against them on that basis. But Kansas law presumes that CVR Energy and CVR Partners are distinct legal entities from CRNF and CRRM.[2] *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("A holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."). Due to the presumption that the existence of separate corporate structures means something and should not simply be cast aside, courts will only disregard the corporate form and "pierce the corporate veil" in rare instances where a parent so dominates a subsidiary that recognition of separate identities would work an injustice. *See Doughty v. CSX Transp., Inc.*, 905 P.2d 106, 111 (Kan. 1995). Plaintiffs have failed to plead any facts to make such a showing.

Kansas courts consider eight factors when deciding whether it is appropriate to pierce the corporate veil between two distinct corporate entities: (1) undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or

---

[2] Kansas law governs this issue. *See Schmid v. Roehm GmbH*, 544 F. Supp. 272, 274 (D. Kan. 1982) ("The federal courts sitting in diversity cases have . . . applied the Kansas law pertaining to alter ego liability.").

directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud. *See Amoco Chems. Corp. v. Bach*, 567 P.2d 1337, 1341–42 (Kan. 1977).

Plaintiffs' complaint is devoid of any facts suggesting the existence of any of the eight relevant factors here. Plaintiffs allege no undercapitalization, no disregard of corporate formalities, no siphoning of corporate funds. Nor do Plaintiffs allege CVR Energy and CVR Partners used CRNF and CRRM to promote injustice or fraud. Plaintiffs do not reference *any* of the relevant factors in their complaint. Plaintiffs do not even offer (improper) conclusory references or allegations to phrases like "alter ego" or "piercing the corporate veil." *See Shafer, Kline & Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, No. 13-2472-JAR-TJJ, 2014 WL 1974525, at *3 (D. Kan. May 15, 2014) (finding facts did not support a plausible claim for piercing the corporate veil where there were no facts alleged to suggest the presence of any of the relevant veil-piercing factors and plaintiff failed to seek to pierce the corporate veil in its pleading); *see also White v. Midwest Off. Tech., Inc.*, 979 F. Supp. 1354, 1356–57 (D. Kan. 1997) (finding complaint failed to state a claim for alter ego liability where plaintiff "merely point[ed] out the individual defendants' respective positions in the defendant corporation" and failed to allege any of the requisite factors).

Plaintiffs named CVR Energy and CVR Partners in their complaint but do not offer any facts about them aside from noting their corporate affiliation with CRNF and CRRM. In addition to identifying the parent-subsidiary relationship, Plaintiffs also contend CVR Partners serves as the sole member of both CRNF and CRRM (a fact CVR Partners denies as to CRRM). (*see* Doc. 1 ¶ 16–17), Nevertheless, "[m]erely naming the sole shareholder as a defendant is insufficient to allege an alter ego theory." *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1174 (D. Kan.

1990). Plaintiffs have therefore not pleaded any facts to suggest the existence of an alter ego or piercing the corporate veil theory against CVR Energy and CVR Partners.

Finally, even if Plaintiffs had pled sufficient facts to support a veil-piercing theory (and they did not), they nonetheless fail to state a private or public nuisance claim against CVR Energy and CVR Partners because (putting aside conclusory allegations insufficient to state a claim under *Twombly*) Plaintiffs do not plead any facts against CVR Energy or CVR Partners that would establish the essential elements of a nuisance claim, *i.e.*, that *CVR Energy* or *CVR Partners* acted to substantially interfere with Plaintiffs' use and enjoyment of their property and that Plaintiffs sustained resulting damage. Again, the only allegations regarding CVR Energy and CVR Partners concern their corporate structure and purported ownership of CRNF and CRRM. Plaintiffs likewise fail to plead a viable medical monitoring claim against CVR Energy and CVR Partners for the reasons set forth in the contemporaneously filed Partial Motion to Dismiss Count III, submitted on behalf of all Defendants in this action.

Plaintiffs have not met their burden to frame their complaint with enough factual matter to suggest they are entitled to relief against CVR Energy and CVR Partners. *Pipeline Prods., Inc.*, 428 F. Supp. 3d at 599. The Court should dismiss Plaintiffs' lawsuit against CVR Energy and CVR Partners based on Plaintiffs' failure to state a claim upon which relief may be granted against them under Rule 12(b)(6).

## CONCLUSION

Plaintiffs plead no facts to justify piercing the corporate veil or to establish alter ego liability against Defendants CVR Energy and CVR Partners. The Court should dismiss Plaintiffs' claims against CVR Energy and CVR Partners with prejudice under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Patrick N. Fanning*

William G. Beck       D. Kan. #77974
Patrick N. Fanning     KS #19015
Elizabeth Hatting      MO #67337
Stephanie Bradshaw   KS #26716
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (fax)
patrick.fanning@lathropgpm.com
william.beck@lathropgpm.com
betty.hatting@lathropgpm.com
stephanie.bradshaw@lathropgpm.com

ATTORNEYS FOR DEFENDANTS

7

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I filed the foregoing pleading via the district court's ECM/ECF system, with an electronic copy being automatically routed to all counsel who have entered an appearance.

*/s/ Patrick N. Fanning*
Attorney for Defendants

8