IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

              Plaintiffs,

v.

CVR ENERGY, INC., et al.,

              Defendants.

Case No. 5:26-cv-04011-KHV-TJJ

## MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS COUNT III OF COMPLAINT (MEDICAL MONITORING CLAIM)

### INTRODUCTION

Plaintiffs seek to pursue a putative class action alleging private and public nuisance claims (Counts I and II) and a claim for medical monitoring (Count III) based on purported emissions from a fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas. Plaintiffs have named as Defendants CVR Energy, Inc. ("CVR Energy"), CVR Partners, LP ("CVR Partners"), Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF"), and Coffeyville Resources Refining & Marketing, LLC ("CRRM"). Plaintiffs allege CRNF and CRRM own and operate the fertilizer plant and oil refinery, respectively, and manage the day-to-day operations of the facilities. Plaintiffs allege no facts concerning named Defendants CVR Energy and CVR Partners, aside from offering bare assertions about their corporate interests in CRNF and CRRM.[1]

---

[1] CVR Energy and CVR Partners have simultaneously moved to dismiss the complaint, in its entirety as it pertains to them, under Rule 12(b)(6) based on Plaintiffs' failure to plead sufficient facts (indeed, any facts) to establish why they should be named as Defendants in the lawsuit. CVR Energy and CVR Partners nevertheless join in the instant Motion because—if the Court concludes Plaintiffs have properly named them as Defendants—the Court should dismiss Count III against all Defendants.

Plaintiffs fail to state a claim upon which relief may be granted against Defendants in Count III because Kansas does not recognize a separate cause of action for "medical monitoring." Rather, medical monitoring is, at most, an additional form of relief that may be available to a tort plaintiff who alleges a present injury.

FACTUAL BACKGROUND

Plaintiffs' claims concern purported emissions from a nitrogen fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas.[2] Plaintiffs plead CRNF owns and operates the fertilizer plant while CRRM owns and operates the oil refinery. Doc. 1 ¶¶ 16–17. (The fertilizer plant and oil refinery are collectively referred to as the "Facilities.") In addition to naming CRNF and CRRM, Plaintiffs have also sued CVR Energy and CVR Partners.

Plaintiffs—residents of Coffeyville who claim to live within several miles of the Facilities (*id.* ¶¶ 64–66)—allege exposure to emissions from the Facilities. Plaintiffs claim the emissions have caused them to experience certain harms that interfere with the use and enjoyment of their property. *Id.* ¶¶ 78–81, 88–92. Specifically, Plaintiff William Yates reports bright flares and loud noise from the oil refinery, as well as an occasional burning sensation in his nose when he breathes. *Id.* ¶ 64. Plaintiff John Vest likewise reports property issues, including black spots on his cars and house roof, as well as a rotten odor. *Id.* ¶ 65. Plaintiff Margaret Culton alleges the purported emissions caused her car paint to peel and that she suffers from dizzy spells and headaches. *Id.* ¶ 66. Plaintiffs allege "breathing difficulties, burning of the eyes and throat, headaches, fatigue, and an increased risk of cancer and respiratory illness." *Id.* ¶¶ 79, 90. But Plaintiffs do not include

---

[2] For purposes of this motion, CVR Energy and CVR Partners' recitation of Plaintiffs' pleaded allegations accepts as true all well-pleaded factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

within their prayer for relief any claim seeking an award of compensatory damages for alleged personal injuries. *Id.* at pp. 27-28.

LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the factual allegations in the complaint but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allen*, 478 U.S. 265, 286 (1986). Plaintiffs "bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief." *Pipeline Prods., Inc. v. Madison Companies, LLC*, 428 F. Supp. 3d 591, 599 (D. Kan. 2019). In doing so, they must offer more than conclusory statements or threadbare recitals of a claim. *See Twombly*, 550 U.S. at 556. "A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand." *Pipeline Prods.*, 428 F. Supp. 3d at 599.

3

ARGUMENT

Plaintiffs' Count III fails because Kansas has never recognized a standalone tort claim for medical monitoring. Rather, under Kansas law, medical monitoring is, at most, an additional form of relief available to a tort plaintiff who alleges a present personal injury. Plaintiffs therefore cannot state a claim upon which relief may be granted in Count III.

This Court directly addressed the viability of a separate medical monitoring claim in *Burton v. R. J. Reynolds Tobacco Co.*, 884 F. Supp. 1515 (D. Kan. 1995). In *Burton*, plaintiff claimed he had developed peripheral vascular disease after smoking defendant's tobacco products, which forced him to undergo amputation of both of his legs. *Id.* at 1518. Plaintiff asserted multiple claims against defendant R.J. Reynolds, including tort claims for negligence as well as a separate claim for "medical monitoring" in which he sought damages for ongoing medical surveillance. *Id.* at 1518–19. The district court rejected plaintiff's medical monitoring claim and concluded the medical monitoring theory was "merely a component of [his] damages relating to his other claims." *Id.* at 1523. The *Burton* court reasoned that plaintiff could seek medical surveillance based on his current injury but would not be able to pursue a separate cause of action for medical monitoring. *Id.*

The *Burton* court cited a Kansas Supreme Court case where plaintiffs had been poisoned with lye at a bar, suffering severe burns to their throats and stomachs. *See Cott v. Peppermint Twist Mgmt. Co.*, 856 P.2d 906 (Kan. 1993). The trial court in *Cott* awarded damages to plaintiffs that included expenses for future medical monitoring and related care, which were upheld on appeal. *Id.* at 919–20. In discussing the *Cott* case, the *Burton* court held that allowing recovery for future losses based on a present injury—as was done in *Cott*—is different from the court creating an entirely new tort where no present personal injury exists. *See Burton*, 884 F. Supp. at 1523. The

*Burton* court thus held that, "[b]ecause these damages would be allowed under plaintiff's other claims as per *Cott*, and would not constitute a separate medical monitoring tort claim, defendant's motion to dismiss [plaintiff's medical monitoring claim] is granted." *Id.*

Based on *Burton* (and *Cott*), Plaintiffs cannot bring a standalone claim for medical monitoring. The concept of awarding damages in the form of medical monitoring is limited to damages that may be associated with a <u>present</u> injury. Here, however, Plaintiffs have not pleaded any present diagnosed personal injury that would allow them to pursue a claim for medical monitoring; Plaintiffs claim to have experienced alleged flares, breathing difficulties, headaches, burning sensations, and the like, but carefully avoid pleading any diagnosable medical condition. Instead, Plaintiffs ask the Court to impose class-wide medical monitoring based solely on their contention that there may be an alleged increased risk of cancer and respiratory illness. But Plaintiffs do not claim they <u>presently</u> suffer from any such identifiable disease or diagnosed respiratory illness. *See* Doc. 1 ¶¶ 64–66, 99.

This district court's decision in *Burton* aligns with several other districts and circuits that have considered the issue and have declined to judicially adopt the tort of medical monitoring. *See, e.g.*, *Ball v. Joy Techs., Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) (affirming dismissal of claim for medical monitoring damages and holding that policy decisions related to the recovery of such damages are "better left" to the legislature and state's highest court); *Baker v. Westinghouse Elec. Corp.*, 70 F.3d 951, 953 (7th Cir. 1995) (noting the district court had dismissed plaintiffs' damages claim for medical monitoring for failure to plead a present physical injury); *Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 608–09 (W.D. Wash. 2001) ("In light of Washington's hesitation to recognize new torts, its reluctance to allow damages for enhanced risk without an accompanying present injury, and the ambiguity in case law from other states, this Court holds that there is no

cause of action for medical monitoring as an independent tort under Washington law."); *Rosmer v. Pfizer, Inc.*, No. 9:99-2280-18RB, 2001 WL 34010613, at *5 (D.S.C. Mar. 30, 2001) ("A fundamental flaw with Plaintiff proceeding to represent a medical monitoring class is the fact that South Carolina has not recognized a cause of action for medical monitoring."). Indeed, the Supreme Court—in reversing a ruling allowing an exposed but uninjured asbestos plaintiff to pursue a medical monitoring claim—recognized the potentially far-reaching effects of allowing standalone medical monitoring claims. *See Metro-North Commuter R.R. Co. v. Buckley*, 521 U.S. 424 (1997). The Supreme Court noted that recognizing such claims could have "systemic effects," flooding the courts and adversely affecting the capacity of the judicial system to respond to cases of real injury. *Id.* at 441–44.

No Kansas court—or federal court applying Kansas law—has ever recognized a standalone tort claim for medical monitoring, and the Court should not do so here. *See Florum v. Elliott Mfg.*, 867 F.2d 570, 579 (10th Cir. 1989) (refusing to adopt two new theories of liability under state law in the absence of any case law, "legislative enactment or indicia which expand the theories" already available); *see also Anderson v. Marathon Petroleum Co.*, 801 F.2d 936, 942 (7th Cir. 1986) ("[F]ederal court is not the place to press innovative theories of state law.").

## CONCLUSION

Plaintiffs fail to state a claim for medical monitoring, as alleged in Count III, because Kansas law does not recognize a separate tort cause of action for medical monitoring. Defendants respectfully request that the Court grant their partial Motion and dismiss Count III of Plaintiffs' complaint with prejudice.

Respectfully submitted,

*/s/ Patrick N. Fanning*

Patrick N. Fanning     KS #19015
William G. Beck        KS #77974
Elizabeth Hatting      MO #67337
Stephanie Bradshaw     KS #26716
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (fax)
patrick.fanning@lathropgpm.com
william.beck@lathropgpm.com
betty.hatting@lathropgpm.com
stephanie.bradshaw@lathropgpm.com

ATTORNEYS FOR DEFENDANTS

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I filed the foregoing pleading via the district court's ECM/ECF system, with an electronic copy being automatically routed to all counsel who have entered an appearance.

*/s/ Patrick N. Fanning*
Attorney for Defendants