IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

        Plaintiffs,

v.

        Case No. 5:26-cv-04011-KHV-TJJ

CVR ENERGY, INC., et al.,

        Defendants.

## ANSWER

Defendants Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF") and Coffeyville Resources Refining & Marketing, LLC ("CRRM") (collectively, "Defendants") submit the following for their answer and affirmative defenses to the Complaint filed by Plaintiffs John Vest, Margaret Culton, and William Yates (collectively, "Plaintiffs").

## INTRODUCTION AND NATURE OF THE CASE

1.      Answering paragraph 1, Defendants admit CRNF operates a fertilizer facility in Coffeyville, Kansas. Defendants further admit CRRM operates a refinery facility in Coffeyville, Kansas. Defendants deny the remaining allegations in paragraph 1.

2.      Answering paragraph 2, Defendants admit Plaintiffs filed a lawsuit and that they seek the relief described in paragraph 2. Defendants deny Plaintiffs are entitled to the relief they seek and deny the remaining allegations in paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      Answering paragraph 4, Defendants admit CRRM has previously entered into certain consent decrees with the U.S. Environmental Protection Agency ("EPA") and the Kansas Department of Health and Environment ("KDHE") concerning the Coffeyville refinery, and that

CRRM has previously paid certain amounts related to the refinery. Defendants deny the remaining allegations in paragraph 4.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Answering paragraph 8, Defendants admit Plaintiffs seek injunctive relief and damages. Defendants deny that Plaintiffs are entitled to the relief they seek and deny the remaining allegations in paragraph 8.

9.      Answering paragraph 9, Defendants admit Plaintiffs seek establishment of a medical monitoring program. Defendants deny that Plaintiffs are entitled to the relief they seek and deny the remaining allegations in paragraph 9.

10.     Answering paragraph 10, Defendants admit Plaintiffs brought this lawsuit. Defendants deny Plaintiffs are entitled to the relief they seek and deny the remaining allegations in paragraph 10.

PARTIES

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny the allegations in paragraph 11.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny the allegations in paragraph 12.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny the allegations in paragraph 13.

14.     Answering paragraph 14, Defendants admit Defendant CVR Energy, Inc., is incorporated in Delaware and maintains its principal place of business in Texas. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore deny the allegations. Defendant CVR Energy, Inc., has also filed a Motion to Dismiss Plaintiffs' complaint against CVR Energy, Inc. Defendants adopt and incorporate the arguments asserted by Defendant CVR Energy, Inc., in its simultaneously filed Motion to Dismiss.

15. Answering paragraph 15, Defendants admit Defendant CVR Partners, LP, is organized in Delaware. Defendants deny CVR Partners, LP, produces or distributes nitrogen products at or from a manufacturing facility in Coffeyville, Kansas. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore deny the allegations. Defendant CVR Partners, LP, has also filed a Motion to Dismiss Plaintiffs' complaint against CVR Partners, LP. Defendants adopt and incorporate the arguments asserted by Defendant CVR Partners, LP, in its simultaneously filed Motion to Dismiss.

16. Answering paragraph 16, Defendants admit CRNF is a limited liability company organized in Delaware and CRNF is a wholly owned subsidiary of CVR Partners, LP. Defendants further admit CRNF operates the nitrogen fertilizer manufacturing plant in Coffeyville, Kansas. Defendants deny the remaining allegations in paragraph 16.

17. Answering paragraph 17, Defendants admit CRRM is a limited liability company organized in Delaware and admit CRRM is an indirect wholly owned subsidiary of CVR Energy, Inc. Defendants further admit CRRM operates the refinery in Coffeyville, Kansas. Defendants deny the remaining allegations in paragraph 17.

**JURISDICTION**

18.    Answering paragraph 18, Defendants admit the Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). Defendants deny Plaintiffs are entitled to the relief they have requested in their complaint.

19.    Answering paragraph 19, Defendants admit CRNF and CRRM currently operate and conduct business within this District. Defendants deny the remaining allegations in paragraph 19.

20.    Defendants admit the allegations in paragraph 20.

FACTUAL ALLEGATIONS

21.    Answering paragraph 21, Defendants deny the allegation that they collectively own and operate the Coffeyville refinery. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore deny the allegations.

22.    Answering paragraph 22, Defendants admit the EPA monitors data regarding industrial facilities. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore deny the allegations.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the allegations in paragraph 23.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny the allegations in paragraph 24.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny the allegations in paragraph 25.

4

26. Answering paragraph 26, Defendants admit CRRM has previously entered into consent decrees with the EPA and the KDHE concerning the Coffeyville refinery. Defendants deny the remaining allegations in paragraph 26.

27. Answering paragraph 27, Defendants admit CRRM entered into a consent decree with the EPA and the KDHE in 2004 and that the consent decree referenced emissions of certain chemical constituents. Defendants deny the remaining allegations in paragraph 27.

28. Answering paragraph 28, Defendants admit CRRM entered into a consent decree with the EPA and the KDHE in 2012. Defendants deny the remainder of the allegations in paragraph 28.

29. Answering paragraph 29, Defendants admit CRRM entered into a consent decree with the EPA and the KDHE in 2023. Defendants deny the remainder of the allegations in paragraph 29.

30. Answering paragraph 30, Defendants deny the EPA "explained" anything when the 2023 consent decree was signed. Further answering, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore deny the remaining allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Answering paragraph 33, Defendants admit CRNF has paid certain amounts concerning the Coffeyville fertilizer facility. Defendants deny the remaining allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35.     Answering paragraph 35, Defendants admit the TRI is a database. Defendants deny the TRI sheds further light on Defendants' alleged emissions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore deny the remaining allegations in paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny the allegations in paragraph 36.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny the allegations in paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny the allegations in paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny the allegations in paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny the allegations in paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny the allegations in paragraph 41.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny the allegations in paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny the allegations in paragraph 43.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny the allegations in paragraph 44.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny the allegations in paragraph 48.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny the allegations in paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny the allegations in paragraph 50.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny the allegations in paragraph 51.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny the allegations in paragraph 52.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny the allegations in paragraph 53.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny the allegations in paragraph 54.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny the allegations in paragraph 55.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the allegations in paragraph 56.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny the allegations in paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny the allegations in paragraph 60.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny the allegations in paragraph 61.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny the allegations in paragraph 62.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny the allegations in paragraph 63.

64.     Answering paragraph 64, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the location of Plaintiff William Yates' residence, the length of his residence, and the purported experiences and observations described in paragraph 64 and therefore deny the allegations. Defendants deny the remaining allegations in paragraph 64.

65.     Answering paragraph 65, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the location of Plaintiff John Vest's residence or his purported experiences or observations and therefore deny the allegations. Defendants deny the remaining allegations in paragraph 65.

66.    Answering paragraph 66, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the location of Plaintiff Margaret Culton's residence or her purported experiences or observations and therefore deny the allegations. Defendants deny the remaining allegations in paragraph 66.

CLASS ACTION ALLEGATIONS

67.    Defendants admit Plaintiffs have filed a lawsuit and would like to pursue a class action. Defendants deny there are other similarly situated individuals or that Plaintiffs have a right to pursue or maintain a class action. Defendants deny the remaining allegations in paragraph 67.

68.    Defendants admit Plaintiffs would like to represent a putative class of individuals. Defendants deny Plaintiffs have a right to pursue or maintain a class action. Defendants deny the remaining allegations in paragraph 68.

69.    Answering paragraph 69, Defendants admit Plaintiffs seek to define the parameters of a putative class. Defendants deny the remaining allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71 and its sub-paragraphs (a)-(d)(i).

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    Defendants deny the allegations in paragraph 75 and its sub-paragraphs (a)-(e)(iv).

COUNT I - PRIVATE NUISANCE<br>(against all Defendants)

76.    Answering paragraph 76, Defendants restate, adopt, and incorporate their answers to paragraphs 1 through 75 of the complaint.

9

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

COUNT II - PUBLIC NUISANCE
(against all Defendants)

86. Answering paragraph 86, Defendants restate, adopt, and incorporate their answers to paragraphs 1 through 85 of the complaint.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96.    Defendants deny the allegations in paragraph 96.

## COUNT Ill - MEDICAL MONITORING[1]
(against all Defendants)

97.    Answering paragraph 97, Defendants restate, adopt, and incorporate their answers to paragraphs 1 through 96 of the complaint.

98.    Answering paragraph 98, Defendants have simultaneously filed a motion to dismiss Count III of Plaintiffs' complaint; Defendants therefore have no obligation to answer the allegations in Count III of Plaintiffs' complaint.

99.    Answering paragraph 99, Defendants have simultaneously filed a motion to dismiss Count III of Plaintiffs' complaint; Defendants therefore have no obligation to answer the allegations in Count III of Plaintiffs' complaint.

100.    Answering paragraph 100, Defendants have simultaneously filed a motion to dismiss Count III of Plaintiffs' complaint; Defendants therefore have no obligation to answer the allegations in Count III of Plaintiffs' complaint.

101.    Answering paragraph 101, Defendants have simultaneously filed a motion to dismiss Count III of Plaintiffs' complaint; Defendants therefore have no obligation to answer the allegations in Count III of Plaintiffs' complaint.

## ANSWER TO PRAYER FOR RELIEF

Answering the Prayer for Relief paragraph and its sub-paragraphs (A)-(G), Defendants deny Plaintiffs are entitled to the relief they seek. Defendants pray for judgment in their favor on Plaintiffs' claims, for an award of their taxable costs, and for such other and further relief as may be just and proper under the circumstances.

---

[1] Defendants have filed a motion to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

11

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

For their affirmative defenses to the Complaint, Defendants state as follows:

1.    Defendants deny each and every allegation not specifically admitted.

2.    Plaintiffs fail to state a claim against Defendants upon which relief may be granted.

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

4.    Plaintiffs have not suffered any legally compensable injury within the applicable period of limitations preceding the filing of this action.

5.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of repose.

6.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or laches.

7.    Plaintiffs' claims are barred to the extent Plaintiffs do not have standing to seek relief.

8.    Plaintiffs' claims are barred, in whole or in part, because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendants.

9.    If Plaintiffs have been damaged, which Defendants do not admit, such damages were caused by unforeseeable, independent, intervening, or superseding events for which Defendants are not legally responsible.

10.    Plaintiffs have failed to mitigate their damages.

11.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' ratification or consent.

12.    Plaintiffs' claims are barred, in whole or in part, by collateral estoppel, res judicata, judicial estoppel, or prior pending actions.

13.    Plaintiffs' claims are barred, in whole or in part, if and to the extent they have been

12

resolved, settled, compromised, or released.

14. To the extent Plaintiffs have received payment from any alleged joint tortfeasor or otherwise in satisfaction of any of the alleged injuries or claims against Defendants or other alleged tortfeasors, the Complaint and each and every alleged count and cause of action is barred by the defense of payment and accord and satisfaction.

15. The alleged damages claimed by Plaintiffs are speculative, depend on the happening of events that are not reasonably certain to occur, may be mitigated by future events, and cannot be determined with the degree of certainty required by law.

16. Plaintiffs fail to state a claim upon which relief may be granted for nuisance because Defendants have followed the methods, standards, and techniques that are generally recognized, reasonably available, and represent the reliable state of knowledge in the relevant field.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not exposed to any substance allegedly caused by Defendants' acts in amounts sufficient to establish by a reasonable degree of probability that any such exposure caused any alleged nuisance, injury, damage, or loss.

18. Plaintiffs' claims may be preempted in whole or in part by federal or state statutes or regulations.

19. Plaintiffs' claims are barred in whole or in part by Plaintiffs' coming to the nuisance.

20. Plaintiffs' claims are not properly maintainable as a class action under Federal Rule of Civil Procedure 23(b). Among other things, common issues of fact and law do not predominate over individual issues; a class action is not a superior method for adjudicating the purported claims set forth in the Complaint; adjudication on a class basis would be unmanageable; the interests of the purported class members conflict with each other; Plaintiffs are improper class representatives

13

and their claims are not sufficiently typical of the purported class; and Plaintiffs or their counsel would not fairly and adequately represent the purported class.

21.     Plaintiffs' allegations are legally insufficient to support a claim for punitive damages. Defendants did not act with actual malice, and no act or omission of Defendants was done with reckless indifference or reckless disregard toward the rights or safety of others. Therefore, any award of punitive damages is barred.

22.     Plaintiffs' claim for punitive damages cannot be sustained to the extent they seek to punish Defendants for alleged harm to non-parties or persons not before the Court.

23.     Any assessment of punitive damages violates Defendants' rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and the Kansas Constitution.

24.     As a matter of constitutional right and substantive due process, Defendants would be entitled to contest by jury trial their liability to any particular individual plaintiff—including, but not limited to, civil liability, nuisance liability, or liability for alleged punitive damages—even assuming solely for the sake of argument the purported representatives of the putative class might be able to prevail on their individual claims. Trying this case as a class action would violate the United States Constitution as it would deprive Defendants of their proper right to trial by jury on common law tort claims for each individual who claims to have suffered alleged damages.

25.     Defendants reserve the right to plead additional affirmative defenses as they become known and available throughout the pendency of this case.

WHEREFORE, having fully responded to the Complaint, Defendants request that the Court dismiss Plaintiffs' claims, that Plaintiffs take nothing by reason of the Complaint, that the

14

Court award costs to Defendants, and for such other and further relief as the Court deems just and proper.

Date: March 10, 2026                                    Respectfully submitted,

                                                        */s/ Patrick N. Fanning*
                                                        Patrick N. Fanning      KS #19015
                                                        William G. Beck         KS #77974
                                                        Elizabeth Hatting       MO #67337
                                                        Stephanie Bradshaw   MO #67564
                                                        LATHROP GPM LLP
                                                        2345 Grand Boulevard, Suite 2200
                                                        Kansas City, Missouri 64108-2684
                                                        (816) 292-2000
                                                        (816) 292-2001 (fax)
                                                        patrick.fanning@lathropgpm.com
                                                        william.beck@lathropgpm.com
                                                        betty.hatting@lathropgpm.com
                                                        stephanie.bradshaw@lathropgpm.com

                                                        ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

On March 10, 2026, I filed a copy of the above pleading with a copy automatically being routed to all counsel who have entered an appearance via the Court's ECM/ECF system.

/s/ *Patrick N. Fanning*
An Attorney for Defendants

16