IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

          Plaintiffs,

v.

CVR ENERGY, INC., et al.,

          Defendants.

Case No. 5:26-cv-04011-KHV-TJJ

## DEFENDANTS CVR ENERGY, INC.'S AND CVR PARTNERS, LP'S MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS

### INTRODUCTION

Plaintiffs have filed an amended complaint. Plaintiffs continue to seek certification of a putative class alleging private and public nuisance claims (Counts I and II) and a medical monitoring claim (Count III) related to purported emissions from a fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas.

In their Amended Complaint (Doc. 19), Plaintiffs again name CVR Energy, Inc. ("CVR Energy") and CVR Partners, LP ("CVR Partners") along with subsidiaries Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF") and Coffeyville Resources Refining & Marketing, LLC ("CRRM"). But Plaintiffs now include ten new paragraphs (Doc. 19 ¶¶ 21-30) where they attempt to establish a relationship between CVR Energy and CVR Partners, on one hand, and CRNF and CRRM, on the other hand, that they apparently believe will permit them to keep CVR Energy and CVR Partners in the lawsuit. In fact, the only substantive difference between Plaintiffs' original pleading and their Amended Complaint is Plaintiffs' insertion of the paragraphs seeking to justify CVR Energy and CVR Partners' continued involvement in Plaintiffs' lawsuit. Notwithstanding Plaintiffs' renewed pleading effort, Plaintiffs' pleaded allegations against CVR Energy and CVR

Partners are still insufficient to justify disregarding the corporate form and piercing the corporate veil against CVR Energy and CVR Partners. Moreover, Plaintiffs do not plead any facts establishing that CVR Energy or CVR Partners played a direct role in causing their alleged damages. Plaintiffs have therefore failed to state a claim upon which relief may be granted against CVR Energy and CVR Partners under Rule 12(b)(6).

## FACTUAL BACKGROUND

Plaintiffs' lawsuit concerns purported emissions from a nitrogen fertilizer manufacturing plant and oil refinery in Coffeyville, Kansas.[1] Plaintiffs plead CRNF "owns and operates the nitrogen fertilizer plant" while CRRM "owns and operates the Coffeyville [oil] refinery." Doc. 19 ¶¶ 16–17 (the fertilizer plant and oil refinery are collectively referred to as the "Facilities.").

Plaintiffs—residents of Coffeyville who claim to live within several miles of the Facilities (*id.* ¶¶ 74–76)—allege exposure to emissions from the Facilities. Plaintiffs claim the emissions have caused them physical and emotional harm and have interfered with their use and enjoyment of their property. *Id.* ¶¶ 88-91, 98–102. Specifically, Plaintiff William Yates reports bright flares and loud noise from the oil refinery, as well as an occasional burning sensation in his nose when he breathes. *Id.* ¶ 74. Plaintiff John Vest likewise reports property issues, including black spots on his cars and house roof, as well as an odor. *Id.* ¶ 75. Plaintiff Margaret Culton alleges the purported emissions caused her car paint to peel and that she suffers from dizzy spells and headaches. *Id.* ¶ 76. In addition to their alleged injuries, Plaintiffs plead an increased risk of cancer and respiratory illness (*id.* ¶¶ 89, 100), but do not allege they currently suffer from any such disease or illness.

---

[1] For purposes of this motion, CVR Energy and CVR Partners' recitation of Plaintiffs' pleaded allegations accepts as true all well-pleaded factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiffs name CVR Energy and CVR Partners as Co-Defendants. Plaintiffs plead CVR Energy is incorporated in Delaware and maintains its principal place of business in Texas. *Id.* ¶ 14. Plaintiffs allege CVR Energy is a holding company "engaged in the renewable fuels and petroleum refining market and the nitrogen fertilizer manufacturing industry." *Id.* ¶ 14. Plaintiffs contend CVR Energy formed CVR Partners—a Delaware limited partnership, also with a principal place of business in Texas—"to own, operate, and grow its nitrogen fertilizer business." *Id.* ¶ 15. Plaintiffs allege CVR Energy and CVR Partners hold ownership interests in CRNF and CRRM. Specifically, Plaintiffs claim CRNF is a wholly owned subsidiary of CVR Partners, while CRRM is an indirect wholly owned subsidiary of CVR Energy. *Id.* ¶¶ 16–17.

In their Amended Complaint, Plaintiffs now plead that CVR Energy owns and controls CVR Partners and that CVR Energy "uses that ownership and control to operate and manage CVR Partners, CRNF, and CRRM." *Id.* ¶ 21. Plaintiffs claim "[a]ny separation between the entities exists on paper only" and that the Court should pierce the corporate veil between the companies and treat them as one entity. *Id.* ¶ 21. Plaintiffs do not plead any facts to corroborate their conclusory statement that there is no separation between the Defendant corporate entities. *See* Doc. 19 ¶¶ 21-30. Plaintiffs do, however, expressly acknowledge that, because "CRNF and CRRM are privately held," "publicly available information regarding their financial condition, corporate control, governance, and operational independence is limited." *Id.* ¶ 21 fn.1.

Plaintiffs refer to CVR Energy's 2023, 2024, and 2025 Form 10-K annual reports to support their pleaded allegations that: (1) CVR Energy's senior management team directs and controls CVR Partners' management and business operations (*id.* ¶ 22); (2) Defendants have overlapping personnel provided by a subsidiary, CVR Services, LLC (*id.* ¶¶ 23, 24) (which Plaintiffs claim provides core business functions to Defendant companies including IT,

accounting, investor relations, legal services, corporate compliance, business development, and oversight of environmental, health, safety, and security functions); (3) Defendants have overlapping management between certain entities (*id.* ¶ 25); (4) CVR Partners has issued a financial guarantee on behalf of CRNF (*id.* ¶ 26); (5) CRNF is contractually obligated to purchase petroleum coke produced by CRRM (*id.* ¶ 27); (6) CVR Partners purchases all petroleum coke produced by CRRM (*id.* ¶ 28); and (7) CRRM and CRNF have a shared physical infrastructure evidenced by a perpetual easement that permits CRNF to construct and operate a conveyor belt system for transport of petroleum coke from the refinery to the fertilizer facility as well as an easement for a coke haul road used for the same purpose (*id.* ¶ 29).

Plaintiffs further conclude the multiple agreements entered into between the Defendants have allowed CVR Energy and CVR Partners to "enjoy the benefits of the corporate form while side-stepping accountability for the harm they have wrought on the community." *Id.* ¶ 30. And Plaintiffs argue that "[a]llowing CVR Partners and CVR Energy to maintain the legal fiction of a separate corporate structure … would therefore result in an injustice to Plaintiffs and the broader Coffeyville community." *Id.*

Plaintiffs do not plead any facts to suggest or infer that CRRM and CRNF are under-capitalized or otherwise unable to satisfy any potential judgment entered in the case. Plaintiffs also omit from their pleading the language in the 2025 CVR Energy Form 10-K (as well as the language in the other cited Form 10-Ks) that confirms that "public investors own approximately 63% of CVR Partners' outstanding common units."[2]

---

[2]    2025    CVR    Energy    Form    10-K    Annual    Report,    p.    42    (link: https://s206.q4cdn.com/146017951/files/doc_financials/2025/ar/32913e12-a138-4a3e-966f-4aca0bc40dad.pdf). In ruling on a Fed. R. Civ. P. 12(b)(6) motion, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity." *Estate of Holmes by and through Couser*

LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In fact, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true the factual allegations in the complaint but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allen*, 478 U.S. 265, 286 (1986). Plaintiffs "bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief." *Pipeline Prods., Inc. v. Madison Companies, LLC*, 428 F. Supp. 3d 591, 599 (D. Kan. 2019). In

---

*v. Somers*, 387 F. Supp. 3d 1233, 1243 (D. Kan. 2019). "When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and [the] rationale for conversion to summary judgment dissipates." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

doing so, they must offer more than conclusory statements or threadbare recitals of a claim. *See Twombly*, 550 U.S. at 556. "A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand." *Pipeline Prods.*, 428 F. Supp. 3d at 599, citing *Iqbal*, 556 U.S. at 678.

ARGUMENT

Plaintiffs do not plead sufficient facts against either CVR Energy or CVR Partners to establish a basis for disregarding the corporate entities or piercing the corporate veil. Plaintiffs superficially claim that CVR Energy, CVR Partners, CRNF, and CRRM should be "treated as one." Doc. 19 ¶¶ 21, 30. Plaintiffs further conclude that any separation between the entities "exists on paper only"; but Plaintiffs offer no facts to corroborate their conclusion that there is an absence of any separation between CVR Energy and CVR Partners and CRNF and CRRM. In fact, Plaintiffs expressly concede they do not have all the knowledge about the interrelationship between the entities. *Id.* ¶ 21 n.1. Despite relying heavily on CVR Energy's Form 10-K annual reports to attempt to corroborate their pleading, Plaintiffs ignore the reference in each Form 10-K that confirms the majority of CVR Partners' shares are owned by public shareholders. Plaintiffs cannot pierce the veil by simply pointing out the existence of common contracts or relationships among the Defendants or by offering conclusory statements about the perceived lack of separation between entities. *Twombly*, 550 U.S. at 556. Plaintiffs must plead facts to demonstrate the existence of something more, something akin to fraud or injustice, due to an alleged disregard of corporate formalities.

6

**A. CVR Energy and CVR Partners are Delaware entities. Plaintiffs have failed to state a claim upon which relief may be granted to pierce the corporate veil under Delaware law.**

Plaintiffs acknowledge in their amended pleading that all four named Defendants were incorporated or organized in Delaware. CVR Energy is a Delaware corporation, CVR Partners is a limited partnership formed in Delaware, and CRNF and CRRM are limited liability companies organized in Delaware. Doc. 19 ¶¶ 14-17. The Court should apply Delaware law to conclude that Plaintiffs have failed to state a claim upon which relief may be granted against CVR Energy and CVR Partners.

Kansas courts faced with a conflict of law question apply the forum state's choice of law rules to determine which state's substantive law applies. *Nordwald v. Brightlink Commc'ns, LLC*, 603 F. Supp. 3d 1030, 1040 (D. Kan. 2022). "Under Kansas law, tort actions are governed by the law of the state in which the tort occurred." *Id.* (citing *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985)). However, CVR Energy and CVR Partners' motion does not ask the Court to resolve the question of underlying tort liability (where Kansas law would apply). Instead, CVR Energy and CVR Partners ask the Court to determine whether Plaintiffs have adequately pleaded a claim that would allow them to disregard the existence of separate corporate entities and pierce the corporate veil. When determining the appropriate law to apply to a claim seeking to pierce the corporate veil, the Court should apply the law of the state of CVR Energy's and CVR Partners' organization (Delaware).[3] *Blalock v. SRKBS Hotel, LLC*, No. 21-2552, 2023 WL 2734226, at *4 n.4 (D. Kan. Mar. 31, 2023); *Teran v. GB Int'l, S.P.A.*, 920 F. Supp. 2d 1176, 1186 (D. Kan. 2013).

---

[3] *But see Schmid v. Roehm GmbH*, 544 F. Supp. 272, 274 (D. Kan. 1982) ("The federal courts sitting in diversity cases have also applied the Kansas law pertaining to alter ego liability."). The Court need not resolve the choice-of-law issue to determine whether the corporate veil should be pierced at the pleading stage because the differences between Delaware and Kansas law are not materially different at the motion to dismiss stage. *See Snorkel Int'l, Inc. v. Universal Equip., Inc.*,

In *Blalock,* a tort lawsuit alleging injuries sustained in the State of Kansas, the district court applied Kansas law to determine whether to pierce the corporate veil after the court found the defendant was "organized under the laws of Kansas." 2023 WL 2734226, at *4 n.4 (citing *Consol. Beef Indus., Inc. v. Schuyler*, 716 P.2d 544, 547 (Kan. 1986)) ("The generally accepted rule is that a corporation's charter and the laws of its domicile govern with the respect to the fact and duration of corporate existence and the rights and liabilities of its officers, stockholders, and directors."). Likewise, in *Teran*, the district court distinguished general tort choice of law rules from corporate choice of law rules when it held: "[b]ecause Plaintiff's claims rely on the duties and relationships defined in corporate law, 'the [C]ourt must look to Kansas' corporate conflicts of law rule and not to its general tort conflicts of law rule.'" 920 F. Supp. 2d at 1186 (additional citation omitted). "In Kansas, '[t]he generally accepted rule is that a corporation's charter and the laws of its domicile govern with respect to … the rights and liabilities of its officers, stockholders, and directors.'" *Id.* (additional citation omitted).

In Delaware, veil piercing is an *extraordinary* equitable remedy requiring a plaintiff to plead facts showing both (1) that the entity and the person/entity sought to be charged operated as a "single economic entity," and (2) that an overall element of "injustice or unfairness" is present—*i.e.*, that respecting separateness would sanction a wrong tied to abuse of the corporate form. *See*

---

No. 08-2270-CM, 2010 WL 11628763, at *1 (D. Kan. March 26, 2010). Both Delaware and Kansas require something akin to (i) a unity/alter-ego showing, and (ii) fraud, injustice, or unfairness tied to misuse of the corporate form. *Compare Wichita Destination Devs., Inc. v. Focus Hosp. Servs., LLC*, 365 F. Supp. 3d 1172, 1177-79 (D. Kan. 2019), *with Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 528–29 (D. Del. 2008) and *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 268 (D. Del. 1989). Because Plaintiffs allege no facts establishing fraud, injustice, or unfairness based on the corporate form, their claims fail under both Delaware and Kansas law. Nevertheless, and out of an abundance of caution, CVR Energy and CVR Partners have included separate sections identifying the deficiencies with Plaintiffs' pleading under either Delaware (section "A") or Kansas (section "B") law.

*Trevino v. Merscorp, Inc*., 583 F. Supp. 2d 521, 528–29 (D. Del. 2008) ("'While no single factor justifies a decision to disregard the corporate entity' … 'an overall element of injustice or unfairness must always be present ….'") (additional citation omitted); *Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). When seeking to establish alter ego liability under Delaware law, "[f]raud or something like it is required." *Mobil Oil Corp. v. Linear Films, Inc*., 718 F. Supp. 260, 268 (D. Del. 1989). In other words, to pierce the corporate veil the Court must do it "only in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable consideration[s] … are involved." *Id.*

Plaintiffs do not plead facts to satisfy the requirements for disregarding the corporate entity and piercing the corporate veil against CVR Energy and CVR Partners. Plaintiffs allege an overlap in management between certain Defendant entities, shared services arrangements, a financial guarantee from one Defendant to another, the existence of property easements between certain Defendants, and business contracts between Defendant entities. Plaintiffs do not, however, allege anything that would come remotely close to demonstrating the existence of "fraud or something like it" between Defendant entities; Plaintiffs do not plead facts to establish that CVR Energy and CVR Partners misused the corporate form or that either entity used the corporate form to perpetrate fraud, public wrong, or comparable injustice. *See id.* If anything, paragraphs 21-30 of Plaintiffs' pleading underscore Defendants' adherence to the corporate formalities to maintain appropriate separation between Defendants (the existence of records and contracts that detail inter-company financial guarantees, provision of common services, easement agreements, purchase contracts between entities, etc.). Plaintiffs have failed to state a claim upon which relief may be granted to

9

disregard the corporate entities and pierce the corporate veil against CVR Energy and CVR Partners.

**B. Plaintiffs also fail to state a claim upon which relief may be granted to pierce the corporate veil of CVR Energy and CVR Partners under Kansas law.**

Kansas law presumes CVR Energy and CVR Partners are distinct legal entities from CRNF and CRRM. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("A holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."). Courts therefore disregard the corporate form and "pierce the corporate veil" only in rare instances where a parent so dominates a subsidiary that recognition of separate identities would work an injustice. *See Doughty v. CSX Transp., Inc.*, 905 P.2d 106, 111 (Kan. 1995); *see also Schmid*, 544 F. Supp. at 274 ("Power to pierce the corporate veil is to be exercised reluctantly and cautiously ….").

In determining whether to disregard the corporate form and pierce the corporate veil, Kansas courts consider the following eight factors: (1) undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud. *Wichita Destination Devs., Inc. v. Focus Hosp. Servs., LLC*, 365 F. Supp. 3d 1172, 1177-78 (D. Kan. 2019); *see also Amoco Chems. Corp. v. Bach*, 567 P.2d 1337, 1341–42 (Kan. 1977). "Not all factors must be present, and any one factor could be enough to justify disregarding the corporate entity." *Wichita Destination*, 365 F. Supp. 3d at 1178.

Again, Plaintiffs do not plead any facts to establish any of the eight factors the Court will consider to determine whether to disregard the corporate entity. Plaintiffs merely plead: (i) shared

10

ownership and governance structure, (ii) shared services and centralized personnel, (iii) overlapping executives, (iv) an inter-company financial guarantee, and (v) operational integration between the Coffeyville refinery and fertilizer facility.[4] (Doc. 19 ¶¶ 22-29.) None of the allegations Plaintiffs plead in their Amended Complaint are sufficient to establish a basis for the Court to disregard the existence of separate corporate entities.

Plaintiffs who have been able to prevail on motions to dismiss alleging disregard of the corporate form routinely plead facts that reveal the existence of potential corporate malfeasance or misfeasance. In *Blalock*, for example, plaintiff alleged defendant LLC members "sold all of [the LLC's] assets, and distributed all of [its] capital—leaving [the LLC] insolvent and unable to pay any judgment"; the court held the purposeful undercapitalization and judgment-avoidance allegations plausibly supported allowing plaintiffs to maintain their claim for piercing the corporate veil at the pleading stage. 2023 WL 2734226, at **1, 4-5. In *Wichita Destination Developers*, plaintiffs similarly pleaded defendant entities "were and are woefully undercapitalized," "did not have separate corporate structures or equity contributions," and "did not keep their own records and do not have records." 365 F. Supp. 3d at 1176. Plaintiffs plead no similar facts here.

Instead of alleging undercapitalization, disregard of corporate formalities, or financial malfeasance, Plaintiffs offer conclusory allegations that the separation between Defendants "exists on paper only" and that CVR Energy and CVR Partners' structure allows them to "enjoy the benefits of the corporate form while side-stepping accountability …." (Doc. 19 ¶¶ 21, 30.)

---

[4] Plaintiffs plead CRNF and CRRM own and operate the Facilities. CRNF and CRRM have not moved to dismiss Plaintiffs' lawsuit in its entirety; it is therefore immaterial whether CRNF and CRRM integrate portions of their operations at the Facilities.

11

Respectfully, Plaintiffs' naked argumentative assertions are devoid of further factual enhancement and cannot stand under Rule 12(b)(6). *See Pipeline Prods.*, 428 F. Supp. 3d at 599.

## C. Plaintiffs fail to state a claim upon which relief may be granted against CVR Energy or CVR Partners for engaging in conduct that would constitute a public or private nuisance.

Finally, Plaintiffs fail to state a private or public nuisance claim against CVR Energy and CVR Partners because (putting aside conclusory allegations insufficient to state a claim under *Twombly*) Plaintiffs do not plead any facts against CVR Energy or CVR Partners that would establish the essential elements of a nuisance claim, *i.e.*, that *CVR Energy* or *CVR Partners* acted to interfere with Plaintiffs' ability to use and enjoy their property and that Plaintiffs sustained resulting damage. Again, the only allegations regarding CVR Energy and CVR Partners concern their corporate structure and purported ownership of CRNF and CRRM. Plaintiffs likewise fail to plead a viable medical monitoring claim against CVR Energy and CVR Partners for the reasons set forth in the contemporaneously filed Partial Motion to Dismiss Count III, submitted on behalf of all Defendants in this action.

Plaintiffs have not met their burden to plead sufficient facts to establish an entitlement to relief against CVR Energy and CVR Partners. *Pipeline Prods.*, 428 F. Supp. 3d at 599. The Court should dismiss Plaintiffs' lawsuit against CVR Energy and CVR Partners based on Plaintiffs' failure to state a claim upon which relief may be granted against them.

## CONCLUSION

Plaintiffs seek to impose liability on CVR Energy and CVR Partners based on the entities' business relationship with CRNF and CRRM. Plaintiffs do not plead any facts to indicate that CVR Energy or CVR Partners have misused or ignored the corporate structures that exist between Defendant entities. Plaintiffs do not plead any facts to establish that CVR Energy and CVR

Partners have used the corporate structure to engage in fraud, injustice, or other malfeasance. Even accepting Plaintiffs' pleaded allegations as true, which the Court must do, Plaintiffs have failed to plead facts sufficient to establish a reason to disregard the corporate structures and to treat all Defendants as a single entity. Moreover, because Plaintiffs have not pleaded any facts to establish that CVR Energy or CVR Partners engaged in any conduct toward Plaintiffs that caused them to suffer harm so as to support Plaintiffs' nuisance claims—and because Plaintiffs' medical monitoring claim also fails—the Court should dismiss Plaintiffs' claims against CVR Energy and CVR Partners under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Patrick N. Fanning*
William G. Beck      D. Kan. #77974
Patrick N. Fanning    KS #19015
Elizabeth Hatting     MO #67337
Stephanie Bradshaw   KS #26716
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (fax)
patrick.fanning@lathropgpm.com
william.beck@lathropgpm.com
betty.hatting@lathropgpm.com
stephanie.bradshaw@lathropgpm.com

ATTORNEYS FOR DEFENDANTS

13

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I filed the foregoing pleading via the district court's ECM/ECF system, with an electronic copy being automatically routed to all counsel who have entered an appearance.

*/s/ Patrick N. Fanning*
An Attorney for Defendants