IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

        Plaintiffs,

v.

        Case No. 5:26-cv-04011-KHV-JBW

CVR ENERGY, INC., et al.,

        Defendants.

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT (MEDICAL MONITORING CLAIM)**

Plaintiffs' Count III fails because Kansas has never recognized a standalone tort claim for medical monitoring. Longstanding precedent from this District—recently affirmed by this Court—supports Defendants' Partial Motion to Dismiss. Under Kansas law, medical monitoring is, at most, an additional form of relief available to a tort plaintiff who alleges a present personal injury. Importantly, Plaintiffs here fail to allege a present physical injury, instead alleging self-described "short-term effects" and speculative risk of future harm. Plaintiffs' allegations are insufficient to support a claim for medical monitoring. Defendants therefore respectfully request that the Court dismiss Count III for medical monitoring with prejudice under Federal Rule of Civil Procedure 12(b)(6).

ARGUMENT

A.   <u>Plaintiffs Fail to Allege a Present Physical Injury to Support their Claim for Medical Monitoring.</u>

Plaintiffs' medical monitoring claim fails for a simple reason: Plaintiffs have not alleged any present diagnosed personal injury that would allow them to pursue a claim for medical monitoring under Kansas law.

In their Opposition, Plaintiffs claim that they have alleged present physical injuries. Doc. 29 at 4-6. But Plaintiffs do not—and, indeed, cannot—point to any allegations in their Amended Complaint to corroborate their assertion. Instead, Plaintiffs point to alleged symptoms like "nose burning, dizziness, and headaches." *Id.* at 5. Plaintiffs' own characterization in their Opposition of these symptoms as "short-term effects" (*see id.*) underscores an important fact: Plaintiffs have not identified present physical injuries. Plaintiffs likewise point to an alleged "significantly elevated risk of serious latent disease," including "lung cancer, leukemia, non-Hodgkin lymphoma, cardiovascular disease, COPD, and chronic bronchitis." *Id.* But, importantly, Plaintiffs do not allege that they <u>currently</u> suffer from any of the diseases they have listed. And, again, Plaintiffs' characterization of these issues as "latent" acknowledges that these are not conditions that Plaintiffs are currently suffering from. Plaintiffs' Opposition further proves the speculative nature of their injuries, and further disproves Plaintiffs' claims that they have pled a present, physical injury.

Plaintiffs cite two cases to support their argument that "[h]ealth injuries suffered as a result of a nuisance give rise to exactly the kind of special, particularized harm that sustains a private right of action." *Id.* Plaintiffs' cases are inapposite. In the first, *Culwell v. Abbott Construction Co.*, 211 Kan. 359 (Kan. 1973), the plaintiff's injuries were the result of his tripping over a "chalk line" placed by the defendant over a sidewalk. The *Culwell* case bears no factual similarity to the circumstances presented here and did not arise in the context of a medical monitoring claim. The other case, out of the Western District of Oklahoma, is similarly inapplicable. In that case, a student brought claims against a university and university officials related to mold exposure. *See Melton v. Oklahoma ex rel. Univ. of Oklahoma*, 532 F. Supp. 3d 1080 (W.D. Okla. 2021). Again, that case

did not involve a medical monitoring claim, did not involve Kansas law, and bears no similarity to the allegations here.

B.  Kansas does not recognize a standalone medical monitoring claim.

In the underlying Motion, Defendants cited this District's decision in *Burton v. R. J. Reynolds Tobacco Co.*, 884 F. Supp. 1515 (D. Kan. 1995), for the proposition that Plaintiffs cannot bring a standalone claim for medical monitoring where no present personal injury exists. Plaintiffs do not appear to disagree with Defendants regarding *Burton*'s holding. Indeed, Plaintiffs recognize that "[t]he *Burton* court dismissed the standalone medical monitoring count" but argue that the court "[made] clear that those same costs remained available as damages arising from the plaintiff's existing injury." Doc. 29 at 4. But, again, as discussed, Plaintiffs do not plausibly allege any "existing injury" here. Their claims are entirely predicated on short-term symptoms and speculative harm. Kansas law is clear that the concept of awarding damages in the form of medical monitoring is limited to damages that may be associated with a present injury.

The Court recently dismissed a medical monitoring claim under similar circumstances to those in this case. *See Tucker v. Harcos Chemicals Inc., et al.*, Case No. 2:25-cv-02569-KHV-ADM, at Doc. 50, 2026 WL 968030 at *1 (D. Kan. April 9, 2026). In its holding, this Court adopted the reasoning set forth by Defendant Philips North America LLC's in its motion to dismiss the medical monitoring claim, which argued—like Defendants argue here—that Kansas does not recognize a standalone medical monitoring tort claim. *Id.* at Doc. 37; 2026 WL 968030 at *1. Defendants respectfully request that the Court reach the same conclusion here. No Kansas court— or federal court applying Kansas law—has recognized a standalone tort claim for medical monitoring, and, as such, Count III must be dismissed with prejudice.

CONCLUSION

Plaintiffs "bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief." *Pipeline Prods., Inc. v. Madison Companies, LLC*, 428 F. Supp. 3d 591, 599 (D. Kan. 2019). Plaintiffs have not met their burden here. Defendants respectfully ask the Court to grant their Partial Motion and dismiss Count III of Plaintiffs' Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*/s/ Patrick N. Fanning*

Patrick N. Fanning     KS #19015
William G. Beck        KS #77974
Elizabeth Hatting      MO #67337
Stephanie Bradshaw     KS #26716
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (fax)
patrick.fanning@lathropgpm.com
william.beck@lathropgpm.com
betty.hatting@lathropgpm.com
stephanie.bradshaw@lathropgpm.com

ATTORNEYS FOR DEFENDANTS

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I filed the foregoing pleading via the district court's ECM/ECF system, with an electronic copy being automatically routed to all counsel who have entered an appearance.

*/s/ Patrick N. Fanning*
Attorney for Defendants