IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN VEST, et al.,

Plaintiffs,

v.

Case No. 5:26-cv-04011-KHV-JBW

CVR ENERGY, INC., et al.,

Defendants.

DEFENDANTS CVR ENERGY, INC.'S AND CVR PARTNERS, LP'S
REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS

Plaintiffs' Opposition confirms the central defect with their Amended Complaint: they fail to plead facts sufficient to justify disregarding the corporate form to state a claim against parent companies CVR Energy, Inc. ("CVR Energy") and CVR Partners, LP ("CVR Partners"). Plaintiffs rely heavily on ordinary characteristics of corporate relationships—common ownership, shared services, inter-company agreements, and the like—and attempt to recast them as representative of "domination" and indicative of "structural injustice." But Plaintiffs have merely identified standard features associated with corporate structures, not indicia of abuse. Plaintiffs have not sufficiently alleged misuse of the corporate form, undercapitalization, or any other conduct that would allow Plaintiffs to tie CVR Energy or CVR Partners to their alleged harm.

ARGUMENT

A.    Plaintiffs' Opposition underscores their failure to plead facts supporting veil piercing under any governing law.

Plaintiffs argue Kansas law governs and that Delaware's "fraud or something like it" standard does not apply. Defendants disagree and maintain that Delaware law controls for the reasons they have identified in their Motion.  Plaintiffs rely on the location of the alleged harm (Kansas) but their argument conflates two distinct issues. While Kansas law governs underlying

substantive *tort* claims, veil piercing presents a separate, threshold question: whether the Court may disregard the corporate separateness of Delaware entities. Plaintiffs cannot avoid Delaware law by reframing veil piercing as part of their tort claims. The issue of whether one corporate entity may be liable for another's obligations necessarily turns on the law of the state governing the entities' formation. All entities here are organized under Delaware law and CVR Energy and CVR Partners are not Kansas entities. Delaware—and not Kansas—has the predominant interest in setting the standard for whether separateness may be disregarded. Delaware law governs, and under that standard, Plaintiffs' allegations fall short.

But even if the Court accepts Plaintiffs' plea for it to apply Kansas law, Plaintiffs' claims still fail. Under Kansas law, veil piercing is applied "reluctantly and cautiously" and requires more than simply corporate affiliation. *See Schmid v. Roehm GmbH*, 544 F. Supp. 272, 274 (D. Kan. 1982). Courts look for concrete hallmarks of misuse, such as undercapitalization, failure to observe formalities, or use of the entity as a facade. *See Wichita Destination Devs., Inc. v. Focus Hosp. Servs., LLC*, 365 F. Supp. 3d 1172, 1177-78 (D. Kan. 2019). Veil piercing remains an extraordinary remedy and courts will disregard the corporate form only in those rare instances where a parent so dominates a subsidiary that recognition of separate identities would work an injustice. *See Doughty v. CSX Transp., Inc.*, 905 P.2d 106, 111 (Kan. 1995). Plaintiffs have not pleaded sufficient facts in their Amended Complaint to establish any of the relevant factors that would demonstrate domination or injustice.

Plaintiffs' Opposition fails to address several factors pertinent to the "domination" inquiry including, but not limited to, whether the subsidiary fails to observe corporate formalities. *See* Doc. 28 at 6-8; *see also Doughty*, 905 P.2d at 111. Put simply, Plaintiffs have not pleaded facts to establish domination. While Defendants acknowledge the domination factors are simply

2

guidelines for courts to consider; the inquiry goes to the totality of the calculus here, which weighs against domination.

Plaintiffs' allegations confirm the existence of an ordinary corporate structure between parent companies and subsidiaries. Plaintiffs argue they have plausibly alleged domination based on several factors, including common ownership, overlapping officers, shared services, inter-company contracts, and parental financing. But Plaintiffs have simply identified normal features associated with corporate structures. Plaintiffs' contentions do not show domination or abuse. At most, Plaintiffs' allegations confirm the existence of a holding company structure, integrated operations, and centralized administrative services, characteristics entirely consistent with—and indeed expected in—a lawfully operated corporate organization. This is coordination, not domination, and Plaintiffs have not come forward with any facts to meet the "ultimate standard" of demonstrating that "disregarding the corporate entity is necessary to achieve equity on grounds that the corporation was used as a cover for fraud or illegality, or to work an injustice." *Schutte v. Petter Constr. Co., Inc.*, No. 99,870, 2009 WL 1911693, at *6 (Kan. App. July 2, 2009).

Plaintiffs also rely heavily on their alleged lack of information, asserting that relevant facts—especially facts concerning the financial relationship between CVR Energy and CVR Partners and their subsidiaries—are "in Defendants' exclusive possession." Doc. 28 at 2. In making the argument, Plaintiffs admit they lack information about the subsidiaries' financial condition and independence; in other words, Plaintiffs implicitly acknowledge they have not pled sufficient facts to support undercapitalization. Plaintiffs' concession undermines—and does not support—the plausibility of their claims. Moreover, Plaintiffs' cherry-picking information from CVR Energy's annual report would tend to confirm there exists a wealth of public information about the relevant relationships.

Rule 12(b)(6) also requires Plaintiffs to plead sufficient facts before discovery—not after. Plaintiffs cannot use a lack of discovery as a reason to defeat Defendants' Motion. *See Jones v. Boeckman*, No. 19-CV-4076-HLT, 2019 WL 6894679, at \*3 (D. Kan. Dec. 18, 2019) ("[A] plaintiff does not get to use discovery to try to find facts to support a deficient claim."). Plaintiffs fail to plead "domination" beyond ordinary parent-subsidiary relationships and their claims must be dismissed on this basis.

Plaintiffs attempt to sidestep the fundamental deficiencies Defendants identified in their Motion by attempting to reframe their liability theory as based on "structural injustice," due to the alleged existence of tort liability and an entirely speculative theory that subsidiaries lack sufficient resources to compensate purported victims. Again, the second part of Kansas' veil piercing inquiry is whether the recognition of separate identities would work an injustice. With respect to undercapitalization, Plaintiffs point to an alleged $45 million parental guarantee, internal pricing and supply arrangements, and the absence of public financial information (again, ordinary corporate operations). But Plaintiffs' allegations do not plausibly establish undercapitalization or an inability to satisfy a potential judgment. Nor do they suggest that Defendants structured their business to evade liability.

Plaintiffs' lawsuit presently consists of three individuals who claim to have suffered a public or private nuisance and who also seek medical monitoring; Plaintiffs have not shown how their claims could possibly trigger any concerns about undercapitalization at any level. Additionally, speculation about a potential future inability to pay is not a substitute for well-pleaded facts; the alleged injustice must arise from misuse of the corporate form. Plaintiffs' posited "injustice" is not a veil-piercing theory; rather, it is a policy argument against limited liability. Plaintiffs have failed to plead sufficient facts to establish that maintaining corporate separateness

would result in an injustice. Plaintiffs also have not come forward with well-pleaded facts to justify their request that the Court overcome its reluctance and caution to grant the extraordinary remedy of piercing the corporate veil against CVR Energy or CVR Partners.

B.    <u>Plaintiffs still fail to plead any direct conduct by CVR Energy or CVR Partners to support liability against those entities.</u>

Beyond veil piercing, Plaintiffs do not address a separate independent defect with their Amended Complaint: Plaintiffs do not plead any actionable conduct by CVR Energy or CVR Partners. As discussed in Defendants' Motion (*see* Doc. 24 at 12), Plaintiffs' Amended Complaint alleges that <u>subsidiaries</u> Coffeyville Resources Nitrogen Fertilizers, LLC ("CRNF") and Coffeyville Resources Refining & Marketing, LLC ("CRRM") own and operate the nitrogen fertilizer manufacturing plant and oil refinery facilities and that Plaintiffs sustained damages from alleged emissions from the facilities. Plaintiffs do not allege that <u>parents</u> CVR Energy or CVR Partners engaged in any conduct that interfered with Plaintiffs' property or caused injury. The only allegations regarding CVR Energy and CVR Partners concern their corporate structure and purported ownership of CRNF and CRRM. Plaintiffs effectively concede this argument by failing to dispute it in their Opposition. Even putting aside the veil-piercing deficiencies, dismissal is proper on this basis alone.

CONCLUSION

Plaintiffs offer speculation and an identification of features associated with ordinary corporations to support their veil piercing theory. Plaintiffs' allegations are insufficient to justify piercing the corporate veil under either Delaware (which should apply here) or Kansas law. The Court should grant Defendants' Motion and dismiss Plaintiffs' Amended Complaint against CVR Energy, Inc., and CVR Partners, LP, with prejudice under Federal Rule of Civil Procedure 12(b)(6).

5

Respectfully submitted,

*/s/ Patrick N. Fanning*

Patrick N. Fanning    KS #19015
William G. Beck     KS #77974
Elizabeth Hatting    MO #67337
Stephanie Bradshaw  KS #26716
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
(816) 292-2000
(816) 292-2001 (fax)
patrick.fanning@lathropgpm.com
william.beck@lathropgpm.com
betty.hatting@lathropgpm.com
stephanie.bradshaw@lathropgpm.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I filed the foregoing pleading via the district court's ECM/ECF system, with an electronic copy being automatically routed to all counsel who have entered an appearance.

*/s/ Patrick N. Fanning*
Attorney for Defendants