IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VEST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CVR ENERGY, INC., et al., <br><br> Defendants. | Case No. 26-cv-4011-KHV-JBW |

## PHASE I SCHEDULING ORDER

On May 13, 2026, U.S. Magistrate Judge Jennifer B. Wieland conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs John Vest, Margaret Culton, and William Yates ("Plaintiffs") appeared through counsel Fletcher V. Trammell and Daniel S. Bangerter by videoconference. Defendants CVR Energy, Inc., CVR Partners, LP, Coffeyville Resources Nitrogen Fertilizers, LLC, and Coffeyville Resources Refining & Marketing, LLC ("Defendants") appeared through counsel Patrick N. Fanning and Stephanie C. Bradshaw by videoconference.

After consultation with the parties, the Court enters this scheduling order, summarized in the following table:

82664296v1

| Vest et al., v. CVR Energy, Inc. et al. 26-cv-4011-KHV-JBW PHASE I SCHEDULING ORDER SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed ESI Order | **May 29, 2026** |
| Jointly proposed Protective Order submitted to Court | **May 29, 2026** |
| Email submissions re: proposed Protective Order/ESI Protocol (only if parties disagree about scope/terms) | **May 29, 2026** |
| Production of documents identified in initial disclosures | **June 12, 2026** |
| Motions to amend or join additional parties | **June 24, 2026** |
| Defendant to contact Magistrate Judge to schedule discovery conference if they intend to seek physical or mental examinations under Federal Rule 35 | **July 31, 2026** |
| Document productions substantially complete | **August 28, 2026** |
| Rule 30(b)(6) notice deadline | **September 25, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Physical or mental examination complete (if permitted by Court) | **October 23, 2026** |
| Rule 30(b)(6) depositions complete | **October 30, 2026** |
| Phase I discovery complete | **November 13, 2026** |
| Plaintiffs' class certification expert(s) disclosure (with proposed deposition availability); and motion for class certification | **January 22, 2027** |
| Defendants' class certification expert(s) disclosure (with proposed deposition availability); response to motion for class certification; and any motion(s) by Defendants challenging Plaintiffs' class certification expert(s) | **March 26, 2027** |

| | |
|---|---|
| Plaintiffs' reply in support of motion for class certification; response to Defendants' motion(s) challenging Plaintiffs' class certification expert(s); and any motion(s) by Plaintiffs challenging Defendants' class certification expert(s) | **April 30, 2027** |
| Defendants' reply in support of any motion(s) challenging class certification expert(s); and response to Plaintiffs' motion(s) challenging Defendants' class certification expert(s) | **May 28, 2027** |
| Plaintiffs' reply in support of any motion challenging Defendants' class certification expert(s) | **June 25, 2027** |
| Status conference to discuss mediation (Zoom link to be provided) | **July 8, 2027 at 11:00 A.M. Central Time** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court determined that settlement would not be enhanced by early mediation during Phase I of discovery. A Zoom status conference is set for **July 8, 2027 at 11:00 A.M. Central Time**, following completion of briefing on class certification. A mediation date will be discussed at that status conference.

2.      **Discovery.**

a.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **June 12, 2026**. Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served by **October 2, 2026**. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up written discovery before the time allowed for Phase I discovery expires.

3

**b.**      Discovery in this case shall proceed in two phases: (1) discovery related to whether a class should be certified ("Phase I discovery"); and (2) discovery related to the merits of Plaintiffs' claims ("Phase II discovery"). All Phase I discovery shall be commenced or served in time to be completed by **November 13, 2026**.

**c.**      Following the close of Phase I discovery, Plaintiffs shall have until **January 22, 2027** to file a motion for class certification; Defendants shall have until **March 26, 2027** to file a response to Plaintiffs' motion for class certification; and Plaintiffs shall have until **April 30, 2027** to file any reply in support of their motion for class certification. As stated above, the parties shall contact the undersigned U.S. Magistrate Judge at *ksd_wieland_chambers@ksd.uscourts.gov* within seven (7) days of the District Court's ruling on Plaintiffs' motion for class certification to set a status conference regarding mediation and further scheduling.

**d.**      Plaintiffs' class certification expert disclosure, along with proposed deposition availability, shall be served on **January 22, 2027**. Defendants' class certification expert disclosure, along with proposed deposition availability, shall be served on **March 26, 2027**.

**e.**      Any motion(s) by Defendants challenging Plaintiffs' class certification expert(s) shall be filed by **March 19, 2027**; Plaintiffs' response to any motion(s) by Defendants challenging Plaintiffs' class certification expert(s) shall be filed by **April 30, 2027**; and any reply in support of Defendants' motion(s) challenging Plaintiffs' class certification expert(s) shall be filed by **May 28, 2027**.

**f.**      Any motion(s) by Plaintiffs challenging Defendants' class certification expert(s) shall be filed by **April 30, 2027**; Defendants' response to any motion(s) by Plaintiffs challenging Defendants' class certification expert(s) shall be filed by **May 28, 2027**; and any reply in support

of Plaintiffs' motion(s) challenging Defendants' class certification expert(s) shall be filed by **June 25, 2027**.

  **g.**  The parties have not stipulated that physical or mental examinations under Fed. R. Civ. P. 35 are appropriate in this action. Plaintiffs contend their mental and physical conditions are not in controversy for purposes of Phase I class certification discovery, and they intend to object to physical or mental examination of any named Plaintiff during Phase I. Defendants disagree and contend the nature of Plaintiffs' claims and factual allegations make it possible that Plaintiffs will need to undergo physical or mental examinations under Fed. R. Civ. P. 35 in Phase I. Defendants will contact the undersigned Magistrate Judge at *ksd_wieland_chambers@ksd.uscourts.gov* no later than **July 31, 2026** to schedule a discovery conference if they intend to seek physical or mental examinations under Federal Rule 35. An expedited briefing schedule may be set at that time. If permitted by the Court, all physical or mental examinations shall be completed by **October 23, 2026**.

  **h.**  To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the Court adopts as its order the following procedures agreed to by the parties and counsel:

    i.  Lead counsel for the parties will discuss in good faith any discovery disputes that arise and attempt to resolve them without court intervention;

    ii.  The parties will serve litigation documents electronically where possible;

    iii.  The parties will number documents produced in discovery sequentially;

    iv.  The parties will number deposition exhibits sequentially;

    v.  Counsel for the parties will schedule depositions by agreement of the parties; and

vi.    There is no need to log any privileged communication with outside counsel that occurred after counsel's retention to this matter.

i.    The parties shall substantially complete their document productions by **August 28, 2026**.

j.    The limitations set forth in Fed. R. Civ. P. 33 shall govern the number and scope of interrogatories served in this action.

k.    The limitations set forth in Fed. R. Civ. P. 30 shall govern the number and scope of depositions in this action. The deadline to serve any deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) for Phase I discovery is **September 25, 2026**. Any deposition notices pursuant to Fed. R. Civ. P. 30(b)(6) shall be served at least 30 days prior to the proposed deposition date, and any objections to such notices shall be served at least 14 days prior to the deposition date. All depositions pursuant to Fed. R. Civ. P. 30(b)(6) must be completed by **October 30, 2026**. All depositions will be governed by the written guidelines on the Court's website:

*https://ksd.uscourts.gov/deposition-guidelines*

l.    Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and file a joint motion requesting the entry of a protective order and email a copy of the proposed protective order (in Word format) to *ksd_wieland_chambers@ksd.uscourts.gov* by **May 29, 2026**.

This proposed protective order should be drafted in compliance with the guidelines available on the Court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, the proposed order must include a concise but sufficiently specific recitation of particular facts that provide the Court with an adequate basis upon which to make the

required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the Court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the terms of the protective order, they should contact the Court via email for a discovery conference by **May 29, 2026**. In their email request for a discovery conference, the parties should provide the Court with the agreed portions of the proposed protective order (in Word format), as well as a chart that identifies the disputed provisions of the protective order, along with each side's position, as follows (also in Word format):

| Disputed Provision | Plaintiffs' Position on Disputed Provision (limited to 150 words) | Defendants' Position on Disputed Provision (limited to 150 words) | Court's Ruling |
|---|---|---|---|
|  |  |  |  |

**m.**    Claims of privilege or of protection as trial-preparation material asserted after production will be handled as provided in the parties' proposed Protective Order, which will be submitted to the Court no later than **May 29, 2026**.

**n.**    Electronically stored information (ESI) in this case will be handled as provided in the parties' proposed ESI Protocol. The parties should file a joint motion requesting the entry of their proposed ESI Protocol, and email a copy of the proposed ESI Protocol (in Word format) to *ksd_wieland_chambers@ksd.uscourts.gov* by **May 29, 2026**. If the parties disagree on the terms of the ESI Protocol, they should contact the Court via email for a discovery conference by **May 29, 2026**. In their email request for a discovery conference, the parties should provide the Court with the agreed portions of the proposed ESI Protocol (in Word format), as well as a chart that identifies the disputed provisions of the ESI Protocol, along with each side's position, as follows (also in Word format):

| Disputed Provision | Plaintiffs' Position on Disputed Provision (limited to 150 words) | Defendants' Position on Disputed Provision (limited to 150 words) | Court's Ruling |
|---|---|---|---|
|  |  |  |  |

**o.** The parties **do** consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**p.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.    Motions.**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 24, 2026.**

**b.** All potentially dispositive motions (e.g., motions for summary judgment) will be filed according to a schedule to be determined following the Court's ruling on class certification.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties

should follow the summary-judgment guidelines available on the Court's website: *https://ksd.uscourts.gov/file/326.*

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed in accordance with the schedule set forth above in Sections 2(e) and (f).

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The Court will typically grant the request and contact the parties to arrange the conference within a few days. The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the Court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** *See* D. Kan. Rule 7.1(d) for applicable page limits for motions and briefing.

**4.**      **Other Matters.**

**a.**      If at any time, the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," available on the Court's website at:

*https://ksd.uscourts.gov/civil-forms*

**b.**      This Phase I Scheduling Order will not be modified except by leave of Court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 13, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U.S. Magistrate Judge

10