IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VEST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CVR ENERGY, INC., et al.,<br><br>Defendants. | Case No. 5:26-cv-04011-KHV-JBW |

**DISCOVERY CONFERENCE ORDER**

On August 20, 2026, U.S. Magistrate Judge Jennifer B. Wieland conducted a pre-motion discovery conference by videoconference in accordance with D. Kan. Rule 37.1(a) on six discovery disputes raised by the parties and heard argument on Defendants' motion requesting Fed. R. Civ. P. 35 independent medical examinations of Plaintiffs (Dkt. 56). Plaintiffs appeared through counsel Fletcher V. Trammell, Ashley M. Spencer, and Daniel S. Bangerter. Defendants appeared through counsel Patrick N. Fanning and Stephanie C. Bradshaw. Prior to the discovery conference, the parties emailed chambers their position statements and copies of the disputed discovery requests and responses. This Order summarizes the discovery disputes discussed and memorializes and supplements the Court's rulings.

1. The parties sought the Court's guidance regarding the following six (6) discovery disputes related to Defendants' Responses and Objections to Plaintiffs' First Interrogatories and First and Set Requests for Production of Documents ("RFPs"):

a. Temporal scope of document production;

b. Corporate structure/governance and veil-piercing (RFPs 39–42 and Interrogatory 5);

c. Insurance materials (RFP 50) (other than policies, which have been produced);

d. Environmental reserves materials (RFP 51);

e. Litigation-hold practices (RFP 54); and

f. Water-related requests (RFPs 11–13).

2. The Court declined to provide any guidance with respect to the parties' differing proposals for limiting the temporal scope of document production, which sought a general, overarching limitation rather than request-specific limitations. While generally noting that Plaintiffs' proposals appeared overly broad and Defendants' proposal was too narrow, the Court concluded the dispute is not ripe for resolution at this time and the parties should further confer.

3. The parties agreed to table and further confer on disputes regarding discovery requests seeking corporate structure/governance and veil-piercing documents (Interrogatory 5 and RFPs 39–42).

4. The Court provided its guidance to the parties with respect to Plaintiffs' discovery requests for insurance materials (RFP 50), environmental reserves materials (RFP 51), and litigation-hold practices (RFP 54). The Court found these RFPs do not seek discovery permitted in Phase I, which is limited by the Phase I Scheduling Order to "discovery related to whether a class should be certified."[1] The Court was not persuaded by Plaintiffs' arguments that this discovery is relevant to any class certification issue.

5. After hearing arguments from Plaintiffs regarding the relevance of their discovery requests seeking documents relating to water (versus air) contamination, the Court declined to provide any guidance on this dispute during the conference. Plaintiffs did not address this dispute in their position statement, but stated during the conference that this discovery was relevant

[1] *See* Phase I Scheduling Order (Dkt. 36) § 2.b.

because they had pled water contamination claims. Plaintiffs directed the Court to paragraphs 4, 44, 45, 52, 65, and 66 of the Amended Complaint. Following the conference and after reviewing the Amended Complaint (Dkt. 19), the Court finds that paragraphs 1, 4, 52, and 53 do mention water contamination.[2] However, paragraphs 74–76 entitled "Plaintiffs' Experiences in Coffeyville" do not. Nor do Count I (private nuisance) or Count II (public nuisance), and these counts specifically refer instead to "toxic air pollution." *See, e.g.,* paragraphs 88–90 and 98–100. The Court is therefore not inclined to compel Defendants to respond further to RFP 11–13 because this discovery does not appear to be relevant to the existing air-pollution-based claims in the case or any class certification issue.

6. If any of the discovery disputes identified in paragraph 1 above and discussed at the conference remain unresolved after further efforts to confer, the parties shall contact chambers before **September 3, 2026** to request another discovery conference. The D. Kan. Rule 37.1(c) deadline will continue to be held in abeyance until that date.

7. For the reasons stated on the record, Defendants' motion for Rule 35 independent medical examination of Plaintiffs (Dkt. 56) is denied without prejudice to it being refiled in Phase II discovery. The Court finds physical examinations of Plaintiffs do not fall within the scope of Phase I discovery: "discovery to support or oppose a motion to certify a class." Defendants argued that Plaintiffs' physical condition goes to their adequacy as class representatives and to whether they have common claims or experiences with the class. But Defendants have sufficient information from the allegations in the Amended Complaint and from Plaintiffs' responses to

---

[2] Paragraph 44 deals with air pollutants. Paragraph 45 only mentions water insofar as it described the EPA's Toxic Release Inventory and does not make water contamination allegations. Paragraphs 65 and 66 both deal with sulfur dioxide, a gas, and 66 also deals with nitrogen oxide, also a gas. While paragraph 66 does mention acid rain, it does not appear to make a water contamination allegation.

written discovery to make those arguments. Physical examinations would not move the needle on either topic. In addition, Plaintiffs argued one of the three plaintiffs, Mr. Vest, had not put his physical condition in controversy because he did not allege any physical symptoms at all, so a physical examination of Mr. Vest would not be appropriate for this additional reason. The Court is further persuaded by Plaintiffs' arguments that Rule 35 exists to test the merits of a party's claim, not to oppose class certification; and that Defendants' motion did not satisfy Rule 35(a)(2)(B). Defendants did not cite, and the Court was not able to locate, any case in which a physical examination of a named plaintiff was permitted during Phase I class certification discovery. For all of these reasons, Defendants' motion is DENIED without prejudice.

8. The parties further advised the Court that they do not believe they will be able to substantially complete their document productions by August 28, 2026, as required by paragraph 2(i) of the Phase I Scheduling Order. The parties are directed to confer and submit any proposed amendment to the Phase I Scheduling Order no later than **August 25, 2026**.

IT IS SO ORDERED.

Dated August 20, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge